IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MICHAEL A. ELLISON, )
)
)
Petitioner, )
)
v. ) CIVIL ACTION NO. 5:18-cv-381 (MTT)
)
Warden JERMAINE WHITE, )
)
)
Respondent. )
_____)

# ORDER

Petitioner Michael A. Ellison filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, claiming the Georgia Parole Board unconstitutionally moved his parole date, failed to set his parole date at the time required by Georgia law, and based his sentence on a "void computation" that was "never lawfully imposed in any judicial court." Docs. 25 at 1-2; 4 at 5-6. The Respondent moved to dismiss the petition for failure to exhaust and failure to state a claim. Doc. 12. United States Magistrate Judge Charles H. Weigle recommended granting the motion to dismiss for failure to exhaust because Georgia law requires that a prisoner seeking to challenge denial of his parole must do so through a writ of mandamus, and the Petitioner "offered no evidence that he filed a petition for writ of mandamus . . . with the appropriate state court before petitioning this Court for habeas relief." Doc. 25 at 2-3. The Petitioner filed an objection, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation de novo.

In his objection, the Petitioner claimed he "previously submitted an Exhibit thus order showing Exhaustion." Doc. 30. Presumably this referred to Exhibit A to his motion for extension of time to file an objection (Doc. 28-1). The Petitioner's Exhibit A is an order in the Superior Court of Wilcox County, entered August 29, 2019, denying a "Petition for a Writ of Mandamus" filed by the Petitioner "on or about August 27, 2019 requesting that 30 days to release or show cause and compel performance[.]" Doc. 28-1 at 1. The state court judge reviewed the petition for writ of mandamus but refused filing pursuant to O.C.G.A. § 9-15-2(d), which requires judges to deny the filings of pleadings if "the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading."

Based on the state court's order, the Court could not determine what issues or grounds for relief were raised in the August 27, 2019 petition. Specifically, there was no indication Ellison raised any claim that his confinement violated federal law. Further, the superior court's order was appealable. O.C.G.A. § 9-15-2(d) ("An order denying filing shall be appealable in the same manner as an order dismissing an action"); O.C.G.A. § 5-6-34(a)(7) (allowing appeal from order denying mandamus); *see, e.g.*, *Bellamy v. Rumer*, 305 Ga. 638, 638, 827 S.E.2d 269, 270 (2019) (reversing superior court's order denying filing). But there was no indication, in the record, that the Petitioner sought or obtained appellate review. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review)") (quotation marks and citations omitted). For those reasons, the petition is subject to dismissal.

On December 9, 2019, the Court entered an Order noting the above reasons for dismissing the petition. Doc. 31 at 1-2. However, before adopting the Recommendation and granting the Respondent's motion to dismiss, the Court gave the Petitioner twenty-one days "to file additional materials indicating that he properly exhausted the claims presented by his petition for habeas corpus." Doc. 31 at 3. That time has passed, and the Petitioner did not file any new materials regarding exhaustion. After reviewing the Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1), the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 25) is **ADOPTED** and made the Order of the Court. Accordingly, the Respondent's motion to dismiss (Doc. 12) is **GRANTED**, the Petition is **DISMISSED** without prejudice, and a certificate of appealability is **DENIED**.

**SO ORDERED**, this 28th day of January, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
